### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

**WILLIAM LEE HOOD**                                                                                       **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 1:11CV-178-M**

**BAKER HUGHES TOOL CO., INC. et al.**                                            **DEFENDANTS**

### MEMORANDUM AND ORDER

In the instant case, the Court denied Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay the filing fee within 20 days or face dismissal (DN 4).  Plaintiff did not comply with the Court's Order.  The Court then ordered Plaintiff to show cause why it should not issue an injunction barring him from proceeding *in forma pauperis* given his history as a vexatious litigant.  After considering Plaintiff's response, the Court entered an Order that Plaintiff no longer will be permitted to proceed *in forma pauperis* and directing the Clerk of Court not to accept any filing that is not accompanied by the proper fee.  The Court also dismissed this case for failure to comply with the Court's Order.  Plaintiff has now filed a motion for reconsideration (DN 16).

Rule 59(e) of the Federal Rules of Civil Procedure allows an aggrieved party to file a motion to alter or amend a judgment within 28 days of its entry.  Having been timely filed, this Court finds that Plaintiff's motion is brought under Fed. R. Civ. P. 59(e).  This Court may grant a Rule 59(e) motion to alter or amend if there is:  (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).  Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented."  *Rouse v. Nielsen*, 851 F. Supp. 717, 734

(D.S.C. 1994) (quoting *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991)).

Plaintiff's reconsideration motion is largely illegible and almost wholly incomprehensible. The Court's Order denying Plaintiff's motion to proceed *in forma pauperis* was the result of a prior Order of this Court requiring Plaintiff to seek the Court's permission to file a civil complaint *in forma pauperis* by showing that the contemplated action is not frivolous. (*See* Order entered March 23, 1995, Civil Action No. 1:95CV-37-H.) This prior Order was premised on Plaintiff's history in this Court as a vexatious litigant since 1995. His Rule 59(e) motion reiterates arguments already put forth in this case and in many of the other cases brought by Plaintiff in this Court. His motion offers no reason to grant relief under Rule 59(e).

Accordingly, Plaintiff's motion for reconsideration (DN 16) is **DENIED**, and the Court will not consider any further similar motions from Plaintiff in this matter.

**IT IS ORDERED** that Plaintiff is **prohibited** from filing any additional documents in this case with the exception of a notice of appeal. The Clerk of Court is **DIRECTED** to return any future filings in this case to Plaintiff unfiled.

Date:

cc: Plaintiff, *pro se*
4414.009